**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GERALD WALKER,

                      Plaintiff,

      v.                                              Civ. No. 1:04-CV-0936
                                                             (LEK/RFT)

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

**APPEARANCES:**                                     **OF COUNSEL:**

GERALD WALKER
Plaintiff, *Pro se*
101 Congress Street
Cohoes, New York 12047

HON. GLENN T. SUDDABY                           WILLIAM H. PEASE, ESQ.
United States Attorney for the Northern District      Assistant Unites States Attorney
of New York
Attorney for Defendant
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

On August 6, 2004, *pro se* Plaintiff Gerald Walker initiated this action, pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security denying his application for benefits. *See* Dkt. No. 1, Compl. At that time, he sought, and the Court granted, his Application for *In Forma Pauperis* status. Dkt. Nos. 2-3. In accordance with General Order 18, Defendant has filed her Answer along with the Administrative Transcript. Dkt. Nos. 8-9. Such was filed on November 9, 2004, and, in accordance with the time frame established in

General Order 18, Plaintiff's Brief in this matter was due on December 27, 2004. Having not received Plaintiff's Brief, this Court, *sua sponte*, issued a Scheduling Order resetting Plaintiff's time to file his Brief to November 30, 2005. Dkt. No. 10. In that Order, we specifically warned Plaintiff that, "in accordance with the Federal Rules of Civil Procedure and the Local Rules of this District, his continued inaction in this matter could result in the Court dismissing his civil action." *Id*. at p. 2 (citing FED. R. CIV. P. 41(b) & N.D.N.Y.L.R. 41.2(a)). We further stated,

> **Plaintiff is warned that the Brief is his only opportunity "to set forth the errors Plaintiff contends were made by the Commissioner of Social Security that entitle Plaintiff to relief."** *See* General Order 18 at p. 4. **Plaintiff is further warned that his "failure to file a Brief as required by this order will result in the consideration of this appeal without the benefit of Plaintiff's arguments and may result in a decision heavily influenced by the Commissioner's version of the facts and subsequent dismissal of your appeal."** *Id*.

*Id*. (emphasis in original).

To date, the Court has not received any communication from Plaintiff in this action. In fact, the last time the Plaintiff corresponded with the Court was on August 6, 2004, when he commenced the action. We find the Plaintiff's continued inaction in this case to be an indication that he has abandoned his claim for relief. *See* N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). Because we do not have the benefit of Plaintiff's arguments or even claims of error purportedly committed by the Administrative Law Judge, this Court cannot assess the viability of any claim for relief and, given Plaintiff's failure to take any action herein, this Court declines to do a summary review of the administrative transcript without some direction as to what errors allegedly occurred.

**WHEREFORE**, after due consideration being given, it is hereby

**RECOMMENDED**, that this action be dismissed in accordance with Federal Rule of Civil Procedure 41(b) and N.D.N.Y.L.R. 41.2(a) due to Plaintiff's failure to prosecute this action;

and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED.**

Dated: January 26, 2006
      Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge